NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0147n.06
Filed: February 24, 2005

NO. 01-5340

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ROBERT L. LARKIN and )
BARBARA A. LARKIN, )
)
)
Plaintiffs-Appellants, )
)
) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR THE
) WESTERN DISTRICT OF KENTUCKY
)
PFIZER, INC., and G.D. SEARLE & CO., )
)
)
Defendants-Appellees. )
_____

BEFORE: MERRITT and DAUGHTREY, Circuit Judges, and WEBER,[*] District
Judge.

**PER CURIAM.** In this products liability case, the district court exercised diversity

jurisdiction in granting summary judgment to the defendants, based on the court's

conclusion that, although the Kentucky state courts had not spoken to the issue, the

learned intermediary doctrine should be applied to insulate from liability the manufacturers

of two drugs taken by plaintiff Robert Larkin. One or both of those drugs, prescribed by

Larkin's physician, Dr. Reynolds, had caused a life-threatening skin condition that Reynolds

_____

[*]The Hon. Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by
designation.

knew was a risk associated with each drug, but about which he had given Larkin no information because Reynolds did not believe the risk was significant.

On appeal, we could discern no way in which to predict with assurance what the state courts would hold, if faced with a request to adopt the learned intermediary doctrine, and we therefore certified the question to the Kentucky Supreme Court. In a recent opinion, the Court adopted the doctrine in a closely divided opinion reported at Larkin v. Pfizer, No. 2002-SC-0746-CL, 2004 WL 1361954 (Ky. June 17, 2004). Based on that decision, we now AFFIRM the judgment of the district court granting summary judgment to the defendants.